## COUNTY OF DALLAS *v.* MACKENZIE.

1. Under the Code of Practice of Missouri, if any one of the defences set up in the answer is a bar to the plaintiff's right to recover, a demurrer to the whole answer must be overruled.

2. A county in Missouri, sued on certain coupons attached to bonds alleged to have been issued by it, denied in its answer the plaintiff's ownership for value; and, for a further defence, averred that no orders authorizing the issue of such bonds were ever made by the proper county court, but that two of the justices thereof fraudulently and corruptly, but not as a court, made a certain other order, upon conditions which were not complied with. It further averred that such bonds were fraudulently and corruptly issued, and without authority. No copy of the bonds was filed with the plaintiff's complaint. The plaintiff demurred to the answer. *Held,* that the demurrer must be overruled.

ERROR to the Circuit Court of the United States for the Western District of Missouri.

This is an action brought by the defendant in error to recover on certain coupons attached to bonds alleged by him to have been issued by the county of Dallas, in the State of Missouri. The pleadings upon which the question of law decided by this court arose are set forth in the opinion.

*Mr. William Patrick* for the plaintiff in error.

*Mr. T. C. Fletcher, contra.*

MR. JUSTICE HUNT delivered the opinion of the court.

This case comes before the court upon a demurrer to the answer.

In his complaint, the plaintiff alleged that the defendant issued certain bonds, by which it promised to pay to the Laclede and Fort Scott Railroad Company the sums named, pursuant to an order of the county court; that the bonds recited that they were issued pursuant to an order of the county court of Dallas County, made on the 18th of May, 1871, and amended on the nineteenth day of June and the twelfth day of August, of the same year, by authority granted in the charter of said company, by an act approved Jan. 11, 1860; that he is the owner for value and the bearer of certain coupons attached to said bonds, and entitled to recover the amount thereof, by reason of which he avers an indebtedness to him in the sum of $3,800 with interest from the various dates mentioned.

To this the defendant answers, denying that it promised to pay the bonds as in the complaint is alleged, denying that by its writings or coupons it promised to pay the different sums therein specifically set forth, and denying that the plaintiff was the owner for value of the coupons sued for.

The answer, for a further defence, avers that the bonds referred to recite that they were issued pursuant to certain orders of the county court of Dallas County (which are of the dates specified in the complaint), and avers that no orders authorizing the issue of such bonds were ever made by the said county court as so recited, but that two of the justices of said court, fraudulently and corruptly, but not as a court, made a certain other order set forth, but upon conditions which were not com-

plied with. It is further averred that said bonds were fraudulently and corruptly issued, and without authority, and that at the date of said issue the annual assessment of the county of Dallas was less than $1,500,000, and the county had already subscribed to the capital of said railroad the sum of $150,000.

To this answer the plaintiff demurred, upon the following grounds : —

1. That it did not state facts sufficient to constitute a defence.

2. That its admissions were sufficient to entitle plaintiff to recover.

3. That its denials were inconsistent with its admissions.

4. That it was not necessary to file the bonds, the coupons being filed in the court.

5. That plaintiff being the bearer of the coupons is sufficient, and ownership being immaterial.

6. That the authority of the court to issue the bonds under the special law incorporating the Laclede and Fort Scott Railroad Company is not denied.

7. That it admits their issue, and does not deny the authority to issue them, recited in them.

8. The bonds on their face import a compliance with the law, and defendant is estopped from denying the regularity of such compliance.

9. It does not charge plaintiff with knowledge of any of the alleged frauds in the issue of the bonds.

The demurrer was sustained, and judgment rendered for the plaintiff. The defendant thereupon sued out this writ of error.

The demurrer is general to the whole answer. The answer is interposed under a system of pleading which allows numerous and inconsistent defences. If, therefore, the answer contains any good defence, the demurrer must be overruled.

The complaint gives no copy of the bonds. It simply says that they were issued to a railroad company named, and that they recited that they were issued pursuant to an order of the county court of Dallas County, made on the eighteenth day of May, 1871, and amended on the nineteenth day of June and on the 12th of August, of the same year, and that this was by authority granted in the charter of the railroad mentioned.

In this statement are involved two fundamental propositions: 1st, That the charter of the company gave authority to the county to subscribe; and, 2d, that the county exercised that authority. Both of these averments are jurisdictional, and if either does not exist, no bonds can legally issue. The first is a question of law to be ascertained by a reference to the statute. The second is a matter of fact to be determined upon the pleadings or the proofs. " It shall be lawful for the county court of any county in the State to subscribe to the capital stock of said company." Acts of Mo., 1859, 1860, p. 434, sect. 14. This is not a self-executing power. It is an authority to the county, and, until affirmatively acted upon, possesses no more force than if it did not exist. The defendant in its answer denies that this authority was exercised by the county at the dates mentioned, or at any time. We think the plaintiff erred in demurring to the answer and thus admitting that the county court had never exercised its power. *Smith* v. *Sac County*, 11 Wall. 139.

The plaintiff's case is not aided by the allegation that he is a holder for value of the coupons. A holder for value is not affected by any irregularities or frauds or unfounded assumption of authority on the part of the agents of the town or county. But good faith is unavailing where there is an entire want of authority in those who profess to act. If A. forge the name of B. to a promissory note, or without any authority A. sign a note as his agent, and there be no ratification, no amount of good faith in the holder will enable him to recover upon it. Good faith to the person who does not authorize the use of his name requires that he should be protected against a holder who pays his money for a forged or unauthorized note.

And again, the answer expressly denies that the plaintiff is a holder for value of the coupons. The language is, that it " denies that plaintiff was at the institution of this action, or now is, the owner for value of any of the bonds or coupons in said petition declared on." Instead of meeting this allegation by an issue of fact, the plaintiff by demurring admits its truth; and we do not see how, upon the pleadings, he can be deemed a holder for value. There are other questions in the case, on which we do not think it necessary to pass.

The judgment must be reversed, and the cause remanded to the Circuit Court with directions to enter judgment upon the demurrer for the defendant below, unless the plaintiff below shall withdraw his demurrer and proceed to trial, within such time and upon such terms as the Circuit Court may direct; and it is *So ordered.*