## UNITED STATES *v.* LEVERICH and others.

(*District Court, S. D. New York.* November 2, 1881.)

**1. PRACTICE AT COMMON LAW—JUDGMENT ON DEMURRER.**

At the common law a judgment on demurrer was a final disposition of the case, unless leave was given at the same term of the court to withdraw it and plead over.

**2. PRACTICE UNDER THE NEW YORK CODE OF PROCEDURE—ORDER OVERRULING DEMURRER.**

Under the New York Code of Procedure, where, upon demurrer to an answer setting up new matter in defence, an order is entered simply overruling the demurrer, and no reply to such new matter is required in order to go to trial, *held*, that such an order, not directing final judgment, is, in practice, equivalent to an order to proceed to trial upon the issues raised by the answer as it stands, and that no other formal withdrawal of the demurrer is necessary.

Motion to Strike Cause from the Calendar.

*S. L. Woodford*, U. S. Atty., and *E. B. Hill*, Asst. Dist. Atty., for plaintiff.

*Miller & Peckham*, for defendants.

BROWN, D. J. The plaintiff demurred to new matter in the answer which did not constitute a counter-claim, but was set up as a defence to the action. This is authorized by section 494 of the New York Code of Procedure. After argument the demurrer was overruled. The defendant thereupon prepared an order for signature, overruling the demurrer and ordering judgment for the defendant, with costs. On inspecting the order on file, it appears that the judge struck out the words "ordering judgment for the defendant on the demurrer," leaving simply the words "overruling the demurrer." The defendant entered this order and served upon the plaintiff a copy of it, and afterwards admitted due service of a notice of trial for this term. He now moves to strike from the calendar as improperly there, because no order has been entered giving leave to the plaintiff to *withdraw* the demurrer and proceed either to reply or to go to trial upon the issues of fact raised by the answer, as denied by implication, under the provisions of the New York Code, § 522.

The practice at common law, and in this state prior to the Code, was well settled, that if a demurrer to a plea or answer for insufficiency were overruled, the defendant had judgment of *nil capiat*, that the plaintiff take nothing by his writ, and this operated as a final judgment, (1 Burr. Prac. 251; 2 Arch. Pr. 11, 225; *Brevoort* v. *Brevoort*, 40 N. Y. Supr. 216; *Cooke* v. *Sager*, 2 Burr. 754;) but the court

might give the party in fault leave to *withdraw* the demurrer and reply on terms; although this was allowed only during the same term of the court. *Currie* v. *Henry,* 3 Johns. 140; 7 Cow. 101.

In the theory of pleading the issue of law raised upon a general demurrer to a pleading completes the record of the case to be tried, and judgment follows logically for the one party or the other according to the decision upon this issue. Theoretically, it is as much a determination of the case which the record presents as a verdict upon an issue of fact; and if there be but one count or plea, a decision of the sufficiency of this upon demurrer disposes finally of the whole case which the record shows, unless a different record be allowed to be made up and thereafter presented. The usual mode of doing this has long been to permit a *withdrawal* of the demurrer. 1 Burr. Pr. 251; *Douglass* v. *Satterlee,* 11 Johns. 22; *County of Dallas* v. *Mackenzie,* 94 U. S. 660, 664. This permission has always been within the discretion of the court, as it is also declared by section 497 of the Code, and it is sometimes refused. 2 Sandf. 673; *Lowry* v. *Inman,* 6 Abb. (N. S.) 394; *Osgood* v. *Whittelsey,* 10 Abb. 134; 7 Robt. 480.

The mere decision of the court upon a demurrer, holding it good or bad, does not dispose of the record. The order or judgment entered upon the decision ought to indicate what is intended. If the new matter in the answer be such as under the Code requires a reply, leave to reply would be necessary; and such leave to reply would be a sufficient withdrawal of the demurrer. In this case there was no new or further pleading by the plaintiff, and hence no need of providing therefor in the order entered on the decision of the demurrer. Had the court intended to enter judgment for the defendant upon its decision the clause to that effect, asked for by the defendant, would not have been stricken out. In striking out this permission for judgment the intention of the court was apparent that the cause should proceed to trial upon the complaint and answer as upon a formal withdrawal of the demurrer, which had been overruled. If judgment is not ordered that is necessarily the only alternative for disposing of the cause; and although a recital of leave to withdraw the demurrer would be more explicit, and more in accordance with the printed forms, yet where, under the Code, no further pleading is necessary, and judgment on the demurrer is not allowed, an order "overruling the demurrer" may, I think, be fairly held to imply and include a permission to withdraw the demurrer and proceed to trial upon the issues as they stood prior to the demurrer. Such, I am informed,

has been the understanding of other judges of the United States courts in this district, and as the defendant has in this case admitted due notice of trial of the issues of fact, since his entry of the order overruling the demurrer, it would seem that he also must have had the same understanding. The use of this form of order, upon this construction of its meaning and effect, has prevailed to a considerable extent, and no reasons of importance are shown for disturbing this practice. The motion should be denied.