### BUCHANAN et al. v. CLEVELAND LINSEED-OIL CO.

(Circuit Court of Appeals, Second Circuit. December 7, 1898.)

### No. 27.

1. PARTIES — ACTION BY UNDISCLOSED PRINCIPAL ON CONTRACT MADE BY AGENT.

An undisclosed principal may maintain an action in his own name on a contract made by his agent, subject to defenses existing against the agent.

2. APPEAL—AMENDMENT OF PLEADING—DISCRETION OF COURT.

In an action to recover the price of goods sold, a refusal of leave to amend the answer by setting up a breach of warranty, after the close of plaintiff's evidence, was a matter of discretion, which cannot be reviewed on a writ of error.

In Error to the Circuit Court of the United States for the Southern District of New York.

This was an action by the Cleveland Linseed-Oil Company against Buchanan & Sons on an account for goods sold. Defendants bring error.

Isaac N. Miller, for plaintiffs in error.

Henry G. Ward, for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges.

WALLACE, Circuit Judge. Upon the trial of this action, there was a verdict for the plaintiff, by the direction of the court; and the defendant has brought this writ of error to review the judgment entered upon the verdict, assigning error of the direction, and of several rulings of the trial judge. Only those assignments will be noticed that have been argued.

The action was brought to recover for goods sold and delivered, and the single issue presented by the pleading was whether the plaintiff sold and delivered to the defendant, about August 16, 1895, one tank car of linseed oil, containing 6,112 gallons, at the price of $2,933.76.

It appeared by the testimony of Buchanan, a witness for the defendant, and its treasurer, that the oils used in its business in 1895 were purchased of Leonard & Cummings, through one Claire; and the witness produced a bill received by the defendant from Leonard & Cummings stating an account of $2,933.76 of the date of August 16, 1895, for one tank car of linseed oil (6,112 gallons, at 48 cents per gallon); and the witness further testified that the bill was for the specific oil delivered by the defendant and purchased August 16, 1895. It further appeared from the testimony of Haight, a witness for the defendant, and the manager of Leonard & Cummings, that the oil in question was sold by Claire, a salesman for Leonard & Cummings, and was the oil of the plaintiff. It further appeared that during 1895 Leonard & Cummings were selling oil on commission as agents for the plaintiff, and were also selling other oil. It further appeared that the order for oil in question called for old oil, but the oil delivered to the defendant was new oil; and, according to the recollection of Claire, the price was to be 48½ cents per gallon.

Upon this uncontroverted evidence the defendant asked to go to the jury upon the question whether the contract was not made solely with Leonard & Cummings, and also "as to whether the plaintiff has shown a cause of action against this defendant," but the trial judge directed a verdict for the plaintiff.

There was no doubt that the contract was made solely with Leonard & Cummings, but, as they were acting as agents for the plaintiff, the fact did not militate against the right of the plaintiff to recover. An undisclosed principal can recover in his own name upon a contract made in the name of his agent,—subject, of course, to any defense which the other party might have had if the agent had brought the action.

The point is now made that there was a question of fact, whether the oil in controversy was the oil of the plaintiff, or other oil sold by Leonard & Cummings. The defendant's own witness testified that it was the oil of the plaintiff, and no witness testified to the contrary. It is true that the oil of the plaintiff was sold under the plaintiff's brand, and no testimony was given as to the particular brand on the oil in question; but in the absence of any testimony from the defendant on the subject, or tending otherwise to cause any doubt as to the identity of the oil, a verdict for the defendant would have been contrary to the evidence; and it would have been the duty of the court to set it aside, if the case had been left to the jury, and such a verdict had been found.

Upon the trial the defendant, at the close of the plaintiff's evidence, moved for leave to amend its answer by setting up a breach of warranty of the quality of the oil. It was not an abuse of discretion for the trial judge to deny the application at that time to try a new issue in the cause, in the absence of any showing that the defendant had not been guilty of laches, and especially when the defendant would not be precluded by a recovery for the price of the oil from recovering his damages in a subsequent action against the plaintiff. In any case the granting of the motion rested in the discretion of the trial judge, and his determination cannot be reviewed upon a writ of error. Matheson's Adm'r v. Grant's Adm'r, 2 How. 263; Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426.

The rulings of the trial judge excluding evidence offered by the defendant in respect to the quality of the oil sold by Leonard & Cummings to the defendant was clearly correct, in view of the issues made by the pleadings.

The refusal of the trial judge to direct a verdict for the defendant at the close of the plaintiff's case, the defendant having introduced evidence subsequently, is not the subject of a valid exception. Insurance Co. v. Crandal, 120 U. S. 527, 7 Sup. Ct. 685; Robertson v. Perkins, 129 U. S. 233, 9 Sup. Ct. 279.

We find no error in the rulings on the trial, and the judgment is, therefore, affirmed.