### MORRIS v. DUNBAR.

(Circuit Court of Appeals, Third Circuit. January 3, 1907.)

#### No. 47.

WRIT OF ERROR—FINAL JUDGMENT.

Defendant filed a general demurrer to plaintiff's statement or declaration, which demurrer was sustained with leave to the plaintiff "to discontinue on payment of costs," but it did not appear that there had ever been a discontinuance, or that defendant had ever entered judgment against plaintiff prior to the suing out of the writ of error. *Held*, that the order was not such a final judgment as would support the writ.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 465.]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

L. C. Barton, for plaintiff in error.

John N. Dunn and A. S. Moorhead, for defendant in error.

Before DALLAS and GRAY, Circuit Judges, and LANNING, District Judge.

LANNING, District Judge. The record submitted to us in this cause shows that the defendant filed a general demurrer to the plaintiff's statement, or declaration. After argument of the demurrer, as appears by the opinion brought up with the record, the court concluded that the demurrer should be sustained, and added that "the plaintiff will have leave to discontinue on payment of costs." A writ of error operates only on a record in which a final judgment has been entered, and the only final judgment that could have been entered against the plaintiff on this demurrer was a judgment nil capiat, or its equivalent. 2 Archbold's Practice (12th Ed.) 934; Tidd's Practical Forms (8th Ed.) 250; United States v. Leverich (D. C.) 9 Fed. 481; Gould v. Evansville, etc., R. R. Co., 91 U. S. 526, 527, 23 L. Ed. 416; Cole v. Wooden, 18 N. J. Law, 15, 20. It is a common practice, however, when a demurrer is sustained, to enter an interlocutory order in favor of the demurrant, and to allow the defeated party an opportunity to amend or to plead over. Alley v. Nott, 111 U. S., 472, 474, 4 Sup. Ct. 495, 28 L. Ed. 491. In this case, instead of allowing the plaintiff to amend his statement, or declaration, the court stated that he might discontinue. Whether he entered an order of discontinuance does not appear. Neither does it appear whether the defendant has entered any judgment against the plaintiff.

The result is that we are compelled to dismiss the writ of error. But as the defendant has argued only the points presented by the assignment of errors, and has not moved to dismiss the writ, no costs will be allowed.