## STILLWAGON v. BALTIMORE & O. R. CO.

(Circuit Court of Appeals, Third Circuit. February 5, 1908.)

No. 63.

**1. COURTS—CIRCUIT COURT OF APPEALS—ASSIGNMENTS OF ERROR—NECESSITY FOR.**

Under a rule of the Circuit Court of Appeals, Third Circuit, upon application for a writ of error, plaintiff in error, must file an assignment of errors setting out separately and particularly each error asserted and intended to be urged, and when this is not done counsel will only be heard at the request of the court, and errors not assigned according to the rule will be disregarded, but the court at its own option may notice a plain error not assigned.

**2. SAME—OMISSION NOT SUPPLIED.**

An omission to file an assignment of error to the refusal of leave to file an amended petition was not supplied by a statement in plaintiff in error's brief, under the heading "Specifications of Error," that "the court erred in refusing to allow the filing of an amended petition after the expiration of the statutory period for bringing the action, which simply added new specifications of error on the part of the defendant, but did not create a new cause of action."

**3. SAME—PLEADING—AMENDMENT—DISCRETION.**

Under Rev. St. § 954 [U. S. Comp. St. 1901, p. 696], authorizing federal courts to permit at any time a party to amend any defect in the process or pleadings upon such conditions as it shall in its discretion prescribe, in an action brought July 7, 1905, for personal injury occurring November 2, 1903, the Circuit Court did not abuse its discretion in refusing plaintiff's application, made March 17, 1906, to file an amended statement of claim, whether the amendment set up a new cause of action barred by limitations or not.

**4. WRIT OF ERROR—ORDERS REVIEWABLE.**

A writ of error operates only on a record in which a final judgment has been entered, and does not lie from an order in a personal injury action refusing plaintiff's application for leave to file an amended statement of claim.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Rody P. Marshall, for plaintiff in error.

John S. Wendt, for defendant in error.

Before DALLAS and GRAY, Circuit Judges, and CROSS, District Judge.

CROSS, District Judge. The writ of error in this case brings before this court for review the following order of the Circuit Court:

"And now, to wit, April 17, 1907, Thomas M. & Rody P. Marshall, attorneys for the plaintiff above, Charles E. Stillwagon, having made a motion for leave to file an amended petition in the above case, leave to file the same is hereby refused."

An exception was duly allowed and sealed to the entry of the above order. The record, however, discloses no assignment or assignments of error whatever. A rule of this court requires the filing, upon application for a writ of error, of "an assignment of errors, which shall set out separately and particularly each error asserted and intended to be

159 F.—7

urged. * * * When this is not done counsel will not be heard, except at the request of the court, and errors not assigned according to this rule will be disregarded, but the court at its own option may notice a plain error not assigned." A futile attempt to supply the omission was made in the brief of the plaintiff in error, where, under the heading "Specifications of Error," the following appears:

"The court erred in refusing to allow the filing of an amended petition, after the expiration of the statutory period for bringing the action, which simply added new specifications of error on the part of the defendant, but did not create a new cause of action."

This statement in no sense supplies the deficiency, and the writ of error must consequently be dismissed. Other sufficient reasons for its dismissal, however, appear and will be briefly adverted to.

An accident which happened, as alleged, through the negligence of the defendant and caused injury to the plaintiff, occurred November 2, 1903, within the state of Pennsylvania, and the present suit for damages resulting therefrom was instituted against the defendant July 7, 1905. Subsequently, on March 17, 1906, and after the expiration of two years, within which, by the statute of limitations of that state, the suit was required to be brought, application was made to the court by the plaintiff to file an amended statement of claim, and it was from the above order denying such application that the writ of error was taken. Section 954 of the Revised Statutes [U. S. Comp. St. 1901, p. 696] provides, among other things, that:

"The court may, at any time, permit either of the parties to amend any defect in the process or pleadings upon such conditions as it shall in its discretion and by its rules prescribe."

In Mexican Central Railway Company v. Pinkney, 149 U. S. 194, 200, 13 Sup. Ct. 859, 862, 37 L. Ed. 699, the court says:

"The question presented by this assignment of error is that the court erred in refusing leave to file a plea during the progress of the trial on the question of the plaintiff's citizenship, and in refusing to permit issue to be joined thereon. It is well settled that mere matters of procedure, such as the granting or refusing of motions for new trials and questions respecting amendments to the pleadings, are purely discretionary matters for the consideration of the trial court, and unless there has been gross abuse of that discretion they are not reviewable in this court on writ of error."

The foregoing case was cited and followed by this court in Dunn et al. v. Mayo Mills, 134 Fed. 804, 67 C. C. A. 450. See, also, Watts v. Weston et al., 62 Fed. 136, 10 C. C. A. 302; Brewing Company v. Ice Machine Company, 77 Fed. 138, 23 C. C. A. 89; Chapman v. Lumber Company, 89 Fed. 903, 32 C. C. A. 402; Buchanan et al. v. Cleveland Linseed Oil Company, 91 Fed. 88, 33 C. C. A. 351; and Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426, 32 L. Ed. 800, and cases therein cited. The rule above laid down is controlling in the federal courts, and is also one which is generally followed and applied in the state courts.

Unquestionably the order which was made by the learned circuit judge rested in his sound discretion, and, irrespective of whether or not the application to amend set up a new cause of action, barred by the

statute of limitations, the amendment could reasonably and properly be denied, in view of the period of time which had elapsed between the accident and the application for the order. The record discloses no abuse, but rather an exercise of sound discretion, on the part of the judge.

Again, the order under review is clearly not a final judgment. As was recently said by this court in Morris v. Dunbar, 149 Fed. 406, 79 C. C. A. 226, and as constantly said by other courts:

"A writ of error operates only on a record in which a final judgment has been entered."

No final judgment appears of record in this case. The order in question is of a character which is frequently allowed or denied in the ordinary progress of a suit, and in no sense does it, or can it, finally determine the cause. Under the circumstances it is unnecessary to consider the question argued as to whether or not the application to amend presented a new cause of action which was barred by the statute of limitation.

The writ of error will be dismissed, with costs.