## HISTORICAL PUB. CO. v. JONES BROS. PUB. CO et al.*

## JONES BROS. PUB. CO. et al. v. HISTORICAL PUB. CO.

(Circuit Court of Appeals, Third Circuit. April 28, 1916.)

Nos. 2071, 2076.

1. APPEAL AND ERROR ⬳71(3)—RIGHT OF REVIEW—INTERLOCUTORY DECREE.
    Under Judicial Code (Act March 3, 1911, c. 231) § 129, 36 Stat. 1134 (Comp. St. 1913, § 1121), authorizing an appeal from an interlocutory decree granting or refusing an injunction, complainant, in a suit to restrain the infringement of two copyrights, can appeal from a dismissal of his bill as to one copyright.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 393–398; Dec. Dig. ⬳71(3).]

2. COPYRIGHTS ⬳86—INFRINGEMENT—INJUNCTION—OWNERSHIP OF COPYRIGHT.
    In a suit to restrain the infringement of a copyright and for damages, where the bill alleged and the answer admitted that the complainant was the owner of the copyright at the time of filing his bill, and there was evidence that defendant was then threatening an infringement, complainant is entitled to an injunction, though there was no evidence that he had owned the copyright at the time of the previous infringement, so that he could not recover damages for such infringement, since restraining the future commission of injurious acts is one of the objects of an injunction.

    [Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 79, 80; Dec. Dig. ⬳86.]

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

* For opinion on reargument, see 231 Fed. 784. —- C. C. A. ——.

**3. PLEADING ⚙️36(3)—ADMISSION BY PLEADINGS—CONCLUSIVENESS.**

Where the answer expressly admitted complainant's title to the copyright, defendant cannot attack such title at the hearing.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 82; Dec. Dig. ⚙️36(3).]

**4. COPYRIGHTS ⚙️48—INFRINGEMENT—LICENSES—EVIDENCE.**

Oral evidence of a written license, which was not produced and not satisfactorily accounted for, to use copyrighted matter, can be disregarded in a suit for infringement, where the complainant, who was the alleged licensor, was not the owner of the copyright at the date the license was claimed to have been given, and its right to give such license was not explained.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 46; Dec. Dig. ⚙️48.]

**5. COPYRIGHTS ⚙️86—INFRINGEMENT—INJUNCTION—SCOPE.**

Where only one part of a single-volume publication and two volumes of a six-volume publication were shown to infringe complainant's copyright, and those parts can be separated from the rest, an injunction against infringement should be limited to the infringing parts.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 79, 80; Dec. Dig. ⚙️86.]

**6. COPYRIGHTS ⚙️76—INFRINGEMENT—PARTIES—AGREEMENT TO BUY.**

An agreement whereby the owner of the copyright agreed to sell and the other party agreed to buy the copyright, the sale to be executed nearly two years thereafter upon the buyer making a certain payment, vests an equitable title to the copyright in the buyer, which gives it sufficient interest in a bill by the seller and the buyer to restrain the infringement.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 68; Dec. Dig. ⚙️76.]

**7. APPEAL AND ERROR ⚙️187(2)—QUESTIONS REVIEWABLE—MISJOINDER.**

Where no question of misjoinder was raised by the pleading, it cannot be raised on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1185; Dec. Dig. ⚙️187(2); Parties, Cent. Dig. § 167.]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Suit by the Jones Brothers Publishing Company and another against the Historical Publishing Company for an injunction to restrain the infringement of two copyrights. Injunction granted as to one copyright, and denied as to the other, and both parties appeal. Reversed and remanded on complainant's appeal, with directions to issue an injunction, and modified and affirmed on defendant's appeal.

The following is the opinion of Thompson, District Judge, in the court below on final hearing:

The bill charges infringement by the defendant of copyrights for two books, one entitled "History of the United States, Prepared Especially for Schools on a New and Comprehensive Plan, Embracing the Features of Lyman's Historical Chart, by John Clark Ridpath, A. M.," and the other entitled "Columbus and Columbia." The latter is alleged to contain matter contained in the former, together with new and original matter of which James G. Blaine, James W. Buel, John Clark Ridpath, and Benjamin Butterworth were the authors.

It is found from the evidence and averments in the bill admitted in the answer that the first-named book, hereafter, for convenience, designated "Ridpath's School History," was entered for copyright in the office of the Librarian

of Congress on December 5, 1874, in the name of John T. Jones, as proprietor by assignment from the author. John T. Jones, on December 1, 1884, sold and assigned the copyright to Van Antwerp, Bragg & Co., who afterwards, on November 20, 1890, sold and assigned it to the American Book Company. John Clark Ridpath, author of Ridpath's School History, died on July 31, 1900, leaving a widow, Roxana B. Ridpath, who in the year 1902, and within 6 months before the expiration of the original term of copyright, duly obtained the copyright for a further term of 14 years. The rights of Roxana Ridpath, together with whatever rights were in the American Book Company, were acquired by assignment by the Jones Bros. Publishing Company, one of the plaintiffs, upon a date, not set forth in the bill nor proved in the case, prior to August 15, 1913, the date of the filing of the bill. At that time the plaintiff Jones Bros. Publishing Company, had the sole right and liberty of printing, reprinting, publishing, completing, copying, and vending Ridpath's School History.

In 1892 the second book, "Columbus and Columbia" was published and copyright was duly obtained on March 7, 1892, by H. S. Smith. In 1896 H. S. Smith, then conducting a publishing business under the name of Historical Publishing Company, failed in business and assigned the copyright to Alexander Balfour, by whom it was assigned to Charles R. Graham, Thomas Simpson, and John D. Avil, and by them assigned to the defendant, the Historical Publishing Company. On February 3, 1912, the Historical Publishing Company in consideration of $1,600 sold and assigned to the Review of Reviews Company by a written instrument:

"(1) All of the right title, and interest of said Historical Publishing Company and all its publishing rights and copyright or any interest in any of the foregoing in or to or in connection with the following described books, to wit:

"Columbus and Columbia: Copyrighted 1892, by H. S. Smith and published by the Historical Publishing Company.

"People's History of the United States: Copyrighted April 15, 1895, by H. S. Smith (20,752–A–2).

"Ridpath's History of the United States: One-volume edition, published by Historical Publishing Company in 1902 and 1906, copyrighted by E. J. Stanley.

"Same: One-volume edition, published by Historical Publishing Company and copyrighted by C. R. Graham, 1902.

"(2) The electrotype plates from which the last edition of said Ridpath's History of the United States, above referred to, to wit, the edition copyrighted by ――――, was published by said Historical Publishing Company."

On October 25, 1912, an agreement of sale was entered into between the Review of Reviews Company and the Jones Bros. Publishing Company, coplaintiffs, whereby the Review of Reviews Company agreed to sell and the Jones Bros. Publishing Company agreed to purchase, inter alia, the copyright in the book "Columbus and Columbia," the sale to be executed September 1, 1914, upon payment by the vendee of $2,500. In the agreement of sale was included the electrotype plates from which the last edition of Ridpath's History of the United States was published by the Historical Publishing Company, which plates had been sold to the Review of Reviews Company by the instrument of writing of February 3, 1912. In consideration of the agreement of sale, the Review of Reviews Company agreed that it would not publish the work nor make use of it prior to September 1, 1914, but would permit Jones Bros. Publishing Company to bring suit in the name of the Review of Reviews Company to prevent any publication of the work. The agreement of sale between the coplaintiffs was extended by the parties to the agreement for a period of 30 days after September 1, 1914, and thereafter for a period covering the month of January, 1915, and was therefore existing at the time of the hearing. On February 8, 1912, the Review of Reviews Company wrote the following letter to the Historical Publishing Company:

"February 8, 1912.

"Historical Publishing Company, Philadelphia, Pa.—Gentlemen: Since the publication rights and the copyright of Ridpath's History of the United States, originally copyrighted by H. S. Smith in 1892, as 'Columbus and Columbia,' have now passed to the Review of Reviews, it is necessary to have an agree-

ment between us in regard to the use of part of this History in your American Reference Library.

"We therefore consent to the continuation of your use of so much of this historical matter as is now incorporated in the American Reference Library without consideration to the Review of Reviews. It must be understood, however, that no part of the text of this work may be used by you for any other purpose, and that this license is not exclusive in any way, and is for the benefit of your company and its corporate successor or successors in the publication of the American Reference Library, and is not assignable.

"It is furthermore understood that, in the event of your selling the plates and publication rights of the American Reference Library, they will be sold with a special provision that this historical matter may not be used for any other purpose whatsoever.

"Yours truly,                          The Review of Reviews Company,
"FWS-M                                                F. W. Stone."

The copyrighted books consist of Ridpath's School History, copyrighted in 1874, renewed in 1902, Exhibit A, at the time of the filing of the bill owned by the Jones Bros. Publishing Company, and Columbus and Columbia, copyrighted in 1892, Exhibit B, of which the legal title to the copyright at the time of the filing of the bill was in the Review of Reviews Company, and the equitable title, under the agreement of sale of October 25, 1912, was in the plaintiff, the Jones Bros. Publishing Company. The books which it is claimed infringe consist of Exhibit F, Ridpath's History of the United States, first published by the defendant, the Historical Publishing Company, in 1902, Exhibit C, History of the United States, in six volumes, copyrighted 1906 by E. J. Stanley, and containing on the title page the imprint "Philadelphia Encyclopedia Publishing Company," and Stanley Exhibit No. 1, American Reference Library, in six volumes.

A careful comparison of the copyrighted books and the books alleged to infringe was made by the plaintiffs' witness, Mr. Todhunder, of 30 years' experience as editor and publisher of books and having familiarity with their make-up. From his comparison it is satisfactorily established that the book, "Ridpath's History of the United States," Exhibit F, is printed from the same plates as "Columbus and Columbia," Exhibit B; that Exhibit C, History of the United States, by Ridpath, in six volumes, is printed from the same plates as Stanley Exhibit No. 1, American Reference Library. All four of the above-mentioned exhibits, B, F, C, and Stanley No. 1, contain the same text. The text of these exhibits is substantially a copy, with more or less paraphrasing of the text, of Exhibit A.

The defendant claims a license from the Review of Reviews Company to print, publish, and sell editions from the set of plates from which Exhibit F, Ridpath's History of the United States, copyrighted by E. J. Stanley in 1906, was printed, by virtue of a reservation to that effect in an option given by the Historical Publishing Company to the Review of Reviews Company, dated December 14, 1911, for the purchase of the copyrights and plates afterwards sold and assigned by the instrument in writing of February 3, 1912. The evidence shows that this option expired before the purchase was consummated and that its terms were not carried into the assignment made February 3, 1912. After the sale and assignment of February 3, 1912, therefore, the reservation contained in the option was no longer effective, as the option was but a preliminary agreement, which led up to and was merged in the final sale under the agreement of February 3, 1912. Without the knowledge of the Review of Reviews Company, the defendant had in its possession at the time of the sale another set of plates for the matter contained in Exhibit C, the six-volume edition of History of the United States by Ridpath. As has been seen, "Columbus and Columbia," the single-volume "Ridpath's History of the United States," the six-volume "History of the United States by Ridpath," and the six-volume edition of "American Reference Library" contain the same text, so that a publication of either of the three latter volumes would infringe the copyright in "Columbus and Columbia." Under the letter from the Review of Reviews Company to the defendant of February 8, 1912, however, the defendant acquired a license covering further publication of the American Reference Library, and whatever publications or sales were made by it under that

license did not infringe the copyright which had been assigned to the Review of Reviews Company. In the letter it is stated:

"It must be understood, however, that no part of the text of this work may be used by you for any other purpose, and that this license is not exclusive in any way, and is for the benefit of your company and its corporate successor or successors in the publication of the American Reference Library, and is not assignable.

"It is furthermore understood that, in the event of your selling the plates and publication rights of the American Reference Library, they will be sold with a special provision that this historical matter may not be used for any other purpose whatsoever."

The defendant, on or about June 25, 1912, published and printed the one-volume book entitled "Ridpath's History of the United States," which contains part of the matter contained in the copyrighted book "Columbus and Columbia," and sold a copy of that book as late as April 1, 1914. The defendant has also sold since February 3, 1912, copies or sheets of books containing matter contained in the copyrighted book "Columbus and Columbia." The names of the books, of which copies or sheets have been so sold, are American Encyclopedia of History, last sold October 23, 1912; Analytical Historical References, last sold October 23, 1912; and Ridpath's History of the United States, one-volume book, above referred to, last sold April 1, 1914. The defendant claims to have published, printed, and sold the alleged infringing works under license from the Review of Reviews Company contained in the option agreement of December 14, 1911, and to have had a parol agreement with the Review of Reviews Company, prior to February 8, 1912, under which, in pursuance of the reservation contained in the option, the Historical Publishing Company, among other things, retained the right to print and sell an edition of 10,000 copies of Ridpath's History of the United States in one volume, before making delivery of the plates therefor to the Review of Reviews Company. The effect of the reservation in the option of December 14, 1911, has been already stated. Inasmuch as the subsequent agreement of license from the Review of Reviews Company was made in writing contained in the letter of February 8, 1912, the evidence of the parol negotiations leading up to the granting of the license in writing is immaterial and irrelevant and the license must be construed from the written evidence alone. Consequently the acts of the defendant in printing, publishing, and selling sheets and books containing matter contained in Columbus and Columbia, Plaintiffs' Exhibit B, except where used in printing, publishing, and selling the American Reference Library, constitute infringements of the copyright in "Columbus and Columbia," in which the Review of Reviews Company has the legal title and the Jones Bros. Publishing Company has the equitable title. Infringement cannot be predicated upon any acts of the defendant in publishing the matter contained in the copyrighted book "Columbus and Columbia," prior to the assignment of February 3, 1912. Both plaintiffs are claiming under that assignment, and are estopped to deny the rights of the defendant in the publication prior thereto of any works included in the assignment. As there is no evidence to show the date of the commencement of the title of the Jones Bros. Publishing Company, plaintiff, in the copyright of Exhibit A, Ridpath's School History, the plaintiffs have not established infringement of that work.

It appears that on July 1, 1913, the Historical Publishing Company, through its vice president, made an offer in writing to one G. H. Wooling, of Indianapolis, Ind., to publish a new 5,000 edition of the Ridpath History in six volumes on a royalty basis and to arrange for a canvassing and sale of this edition. This is sufficient to sustain the allegations in the bill of the defendant's threats of infringement of "Columbus and Columbia," prior to the time of the filing of the bill. But there is nothing to show that at that time Jones Bros. Publishing Company had any interest in the copyright to Ridpath's School History, so that there is no evidence of infringement or threatened infringement of that work for which Jones Bros. Publishing Company was entitled to sue when the bill was filed.

Considerable evidence was received subject to the plaintiffs' objection intended to show that the Jones Bros. Publishing Company had not an exclusive copyright to the Ridpath's School History by reason of a certain agreement in

writing, not produced or satisfactorily accounted for, alleged to have been made about 1893. The conclusion reached that Jones Bros. Publishing Company has failed to establish their title to the copyright in Ridpath's School History prior to any alleged infringing acts of the defendant renders unnecessary a ruling upon the questions of relevancy, materiality, or competency of that evidence.

A decree may be entered in favor of the plaintiffs finding infringement, in accordance with this opinion, for an injunction restraining such infringement, for profits, for damages suffered by the respective plaintiffs, due to the infringement, to be assessed in the amount of $1 for every infringing copy made or sold by or found in the possession of the defendant, its agents, or employés, and for the delivery upon oath for destruction of infringing copies, with reference to a special master to ascertain and report the amount of profits and damages payable to the respective plaintiffs.

Archibald Cox and Robert W. Byerly, both of New York City, for plaintiffs.

Hector T. Fenton, John Weaver, and Frederick A. Blount, all of Philadelphia, Pa., for defendant.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. The bill in this case puts the jurisdiction of the court below on two grounds: (1) Diversity of citizenship; and (2) the copyright statutes of the United States. The action was brought on August 15, 1913, by the Jones Publishing Company and the Review of Reviews Company, and charged the Historical Publishing Company and certain individuals with infringement and threatened infringement of two copyrighted books. The title of the first may be summarized as "Ridpath's School History of the United States"; the title of the second is "Columbus and Columbia." The offending publications are charged to infringe the two copyrights conjointly, but in any event no question of misjoinder either of parties or of subject-matter has been raised. The somewhat complicated facts are detailed in Judge Thompson's opinion, and we need not add much to his statement, although we are obliged to disagree in part with his conclusions. After a hearing on pleadings and proofs, he dismissed the bill altogether as to the individual defendants, and (as far as the School History is concerned) dismissed it also as to the corporation defendant, the Historical Publishing Company, "for lack of proof of title in said plaintiffs at any date prior to the filing of the bill." As far as "Columbus and Columbia" is concerned, he sustained the bill, enjoined the Historical Publishing Company from printing, publishing, selling, etc., certain infringing books, and ordered an account for damages and profits. Both parties have appealed, and the first subject for consideration is the defendant's motion to dismiss the plaintiffs' appeal.

[1] The motion rests upon the authority of Ex parte National Enameling Co., 201 U. S. 156, 26 Sup. Ct. 404, 50 L. Ed. 707, and need not be discussed at length, as we have had occasion recently to examine and decide the same question in Ward Baking Co. v. Weber Bros., 230 Fed. 142, —— C. C. A. ——. The opinion in that case will be reported in due season, but we may restate briefly what was there decided, namely: That section 129 of the Judicial Code allows a plaintiff

to appeal, if an injunction be refused or dissolved by an interlocutory order or decree (thus remedying the situation presented in Ex parte National Enameling Co.); and that the partial dismissal of such a bill as the one before us is the clear equivalent of a refusal. The motion to dismiss is therefore overruled.

[2] 1. We think the plaintiffs' appeal must be sustained. It is true that no evidence was offered to prove that the Jones Company's title to the copyright of the School History antedated the bill, and of course, therefore, no previous conduct of the defendant would be an infringement in fact. But we think the court below overlooked the precise situation presented by the pleadings and proofs. In paragraph VI the bill distinctly avers that the plaintiffs had title at the date of filing, and the answer expressly admits this averment. If, therefore, the evidence shows that the defendant was then threatening to infringe the copyright, the plaintiffs were entitled to protection, although no actual infringement had as yet taken place. One of the objects of an injunction is to restrain the future commission of injurious acts, for a suit at law is the appropriate remedy for acts that have already been done. If authority be needed for so elementary a proposition, it may be found in Woodworth v. Stone, Fed. Cas. No. 18,021, Page, etc., Co. v. Land (C. C.) 49 Fed. 936, Canton Steel Co. v. Kanneberg (C. C.) 51 Fed. 601, and National Meter Co. v. Thomson Meter Co. (C. C.) 106 Fed. 531.

[3, 4] On this point of threatened infringement the District Court has no occasion to consider the evidence, and we have therefore examined it, and are satisfied that at the time of filing the bill the plaintiffs had reasonable ground to anticipate that the defendant was about to interfere with their right. In view of the express admission in the answer, the attempt that is made to attack the plaintiffs' title cannot be considered. We have also considered the alternative defense that, even if the plaintiffs' title in August, 1913, be assumed, they did not have an exclusive copyright in the School History. This defense is based upon a written agreement,—alleged to have been made in 1892 or 1893, but not produced and not satisfactorily accounted for—under which the defendant claims a license to do the acts that we have referred to as a threatened infringement. The District Judge did not make a definite finding on this subject, but evidently he was not impressed by the evidence, and we share the opinion he intimates. There are several sufficient objections to this defense, but we content ourselves with pointing out that in 1892 the American Book Company was the owner of the copyright, and that the right of the plaintiffs and the defendant to make any agreement concerning it was not explained. We feel justified in disregarding the oral evidence on this subject, and in holding that an injunction should have been awarded, but restricted in scope as hereinafter stated.

[5] 2. With reference to "Columbus and Columbia" we see no occasion to add anything to what the District Court has so well said. But we think the scope of the injunction is somewhat too wide. The infringing matter is contained in a red volume entitled "Ridpath's History of the United States," and in a six-volume publication entitled "His-

tory of the United States and Dictionary of Events—Ridpath." But, as it also appears that only part 3 of the red volume, and volumes II and III of the other publication, are made up of the infringing ma-terial, and as part 3 and volumes II and III can apparently be sep-arated from the other material, we think the injunction should be con-fined to the parts that infringe. We see no reason why the defendant should not be permitted to rearrange these publications if it should see fit to do so, omitting the offending matter, and to sell the noninfringing pages for what they really are, namely, the work of other hands than Ridpath's. This modification will no doubt be made on application to the court below.

[6, 7] We agree with the court below in holding that the agreement of October 25, 1912, vested the equitable title to "Columbus and Colum-bia" in the Jones Company, and therefore gave that company a suffi-cient interest in the pending bill. But, even if such a title did not pass, the Review of Reviews Company would then continue to be the owner of the whole title, and of course would be authorized to sue. And in this connection we may repeat that no question of misjoinder was raised by the pleadings, and therefore cannot be raised now.

At present we have nothing to do with the disposition that may be made of the plates that have been seized.

The result of both appeals, therefore, is to reverse the decree on No. 2076, and to direct the issuing of an injunction as to the first copyright, and on No. 2071 to affirm the decree as modified in accord-ance with this opinion.