## KULESZA et al. v. BLAIR et al.

## SAME v. AMERICAN CAR & FOUNDRY CO. et al.

### Nos. 4281, 4282.

Circuit Court of Appeals, Seventh Circuit.

June 4, 1930.

Rehearing Denied July 3, 1930.

A. Miller Belfield and James Hamilton Lewis, both of Chicago, Ill., for appellants.

James M. Sheean and Weymouth Kirkland, both of Chicago, Ill., for appellees Blair and others.

J. Gray Lucas, of Chicago, Ill., for appellee Robinson.

Ephraim Banning, of Chicago, Ill., for appellee American Car & Foundry Co.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

Both appeals (Nos. 4281 and 4282) involve similar issues and were argued at the same time. They will be disposed of in one opinion. Both suits were brought to recover damages growing out of the alleged infringement of a patent (No. 886541) to Elbert R. Robinson, May 5, 1908, which expired prior to the commencement of the two suits.

No. 4281. The plaintiffs sued on behalf of themselves, individually, and as a committee acting for and representing 1,400 others, as well as on behalf of any and all others who may have similar rights and interests in and to the aforesaid patent, who may choose to join as parties plaintiff and contribute ratably to the expenses of the suit. They also alleged that the patentee conveyed to the plaintiffs rights in and to said patent as well as the right to recover damages for past infringements of this patent. The widow of patentee, the administratrix of his estate, was made a codefendant and she took the same legal position as the plaintiffs.

It was also alleged that the street car company infringed the patent and that the receivers continued to use the infringing articles (rails) after their appointment which was in December 1926. In the proposed amended complaint allegations also appear to the effect that the receivers retained the large profits which the street car companies made from the use and sale of the infringing device.

Defendants moved to dismiss the complaint and their motion was granted. Later plaintiffs served notice that they would ask leave to file an amended bill of complaint and a date was set for hearing such motion. Notice was also given that plaintiffs would move to correct the clerk's minutes by striking the decree dismissing the bill at plaintiffs' costs. The motion to correct the record was denied. Subsequently the motion for leave to file an amended bill of complaint was overruled. Appellants then petitioned the court for an order allowing an appeal from the order denying them leave to file the amended complaint. They assigned as error the court's action in overruling their motion for leave to file an amended complaint and also the court's order refusing an amendment to the complaint. The court then allowed an appeal from the order overruling plaintiffs' motion for leave to file an amended complaint.

This order was not an appealable one. Ex parte Tiffany, 252 U. S. 32, 40 S. Ct. 239, 64 L. Ed. 443; National Brake & Electric

440

Co. v. Christensen (C. C. A.) 258 F. 880; McGourkey v. Toledo & Ohio Central Railway Co., 146 U. S. 536, 13 S. Ct. 170, 36 L. Ed. 1079; Dickinson v. Sunday Creek Co. (C. C. A.) 178 F. 78; Emery v. Central Trust & Safe Deposit Co. (C. C. A.) 204 F. 965.

Moreover, the complaint failed to state a cause of action against the receivers.

Conceding, for the purpose of the argument only, validity and infringement, it is clear that defendants cannot be personally held for damages unless they infringed the patent. The receivers were not appointed until after the patent expired. If the companies for which they are receivers infringed the patent, plaintiffs' sole remedy was to file a claim pursuant to the order of the District Court having jurisdiction of the receivership matter and within the time fixed by such order and the notices given pursuant thereto. As that period had expired when the instant suit was brought, plaintiffs' only remedy was lost even assuming they had a cause of action arising out of this patent.

It follows, therefore, that neither the original nor the amended complaint stated a good cause of action, and it is apparent that such complaint could not be so amended as to state one. Other objections to the sufficiency of the complaint need not be considered.

In appeal No. 4282 the suit was on the same patent but against a different defendant. The complaint was similar to the one considered in appeal No. 4281. A motion to dismiss was granted and the clerk entered a decree accordingly. Thereafter as in 4281, and when the term at which the decree was entered had expired, plaintiffs moved to amend their complaint and also to strike out of the clerk's entry the order of dismissal. The appeal is from the order refusing plaintiffs leave to amend their complaint. This order was not an appealable one. Moreover, the District Court rightly held that it could not, after the expiration of the term at which the decree was entered, vacate its decree.

Both appeals are dismissed.