NAIVETTE, Inc., v. PHILAD CO. et al.
No. 5794.

Circuit Court of Appeals, Sixth Circuit.
May 15, 1931.

See, also, 54 F.(2d) 624.

Marston Allen, of Cincinnati, Ohio (Pennie, Davis, Marvin & Edmonds, of New York City, Kwis, Hudson & Kent, of Cleveland, Ohio, and W. Brown Morton and E. H. Merchant, both of New York City, on the brief), for appellant.

Morris Kirschstein, of New York City (Harvey R. Hawgood, Hawgood & Van Horn, and T. Paul Titus, all of Cleveland, Ohio, on the brief), for appellees.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

Appellees brought in the court below against appellant the usual suit for patent infringement. Appellant answered denying validity and infringement; and continued its answer with several paragraphs stating a counterclaim based on unfair competition by the plaintiff against the defendant. This answer concluded with a paragraph praying that the bill be dismissed, that an injunction be issued against plaintiffs to restrain this unfair competition, and that plaintiffs account to defendant for the damages caused thereby. Plaintiffs moved to strike out the paragraphs alleging this counterclaim and the concluding paragraph praying cross-relief; the motion being founded upon the contention that the subject-matter stated was not a proper subject for counterclaim. The District Court granted this motion. Defendant brought this appeal.

It is conceded that the order striking out the counterclaim was not final, but was interlocutory, and that the appeal therefore can rest only upon section 129 of the Judicial Code, being section 227 of title 28, USCA. The question is whether, in effect, an interlocutory injunction was refused. No motion for such injunction had been made by defendant; but, as the greater includes the less, striking out the counterclaim amounted to the advance denial of any such motion. Whether such action should be considered as a refusal to grant an interlocutory injunction, is not entirely clear, upon the language of the section. In a somewhat similar case in the Circuit Court of Appeals of the Second Circuit (Radio Corp. v. Bunnell & Co., 298 F. 62), the right of appeal was denied; but in that case the prayer for injunction under the counterclaim seems to have been rather incidental, and the dismissal of the counterclaim was not therefore characteristically a refusal of the injunction; while here the only equitable relief sought by the counterclaim was the injunction, and the dismissal of the counterclaim was, in ultimate effect, nothing but a denial of the injunction.

In Kelsey Wheel Co. v. Universal Rim Co., 296 F. 616, 620, we had a question analogous to, if not identical with, that now presented. In a suit upon a patent, some

claims were sustained and an interlocutory injunction granted thereon, and some claims were held invalid, and as to them the bill was dismissed. We concluded that as to so much of the bill as was dismissed the plaintiff had a right of appeal under section 129. We said: "It is fairly clear that, since the only relief which plaintiff can get by the ordinary first decree in a patent case is one granting an interlocutory injunction, any portion of such decree which denies him relief upon any patent, or any claim, is a 'refusal' of injunction 'by an interlocutory order,' and hence is appealable under the 30-day statute."

So in the present case, the only relief which defendant could have had under its counterclaim, upon any hearing which could have been had at that stage of the case, would have been an interlocutory injunction.

In Emery v. Central Trust & Safe Deposit Co. (C. C. A.) 204 F. 965, 968, a cross-bill had asked a stay of proceedings in the original case, and from a dismissal of the cross-bill the defendant appealed. We held that to refuse to stay proceedings in the case itself was not to refuse an injunction within the meaning of section 129; but we plainly indicated, though doubtless by way of dictum, that, if the cross-bill had requested some really injunctive relief, its dismissal would have justified an appeal, as from the refusal of an interlocutory injunction.

Upon the authority of the Kelsey Case and such support as is given by the Emery Case, the present motion to dismiss is denied.