IN-A-FLOOR SAFE CO., Limited, v. DIEBOLD SAFE & LOCK CO.

No. 8215.

Circuit Court of Appeals, Ninth Circuit.

July 19, 1937.

Fred H. Miller and Alfred E. Dennis, both of Los Angeles, Cal., for appellant.

John H. Lee, of Chicago, Ill., and Lyon & Lyon and Frederick S. Lyon, all of Los Angeles, Cal., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order denying defendant in a patent infringement suit the right to file a counterclaim.

On December 18, 1934, appellee, Diebold Safe & Lock Company, filed a complaint against the defendant-appellant alleging the ownership by plaintiff of letters patent 1,965,296, granted upon the application of one Miller, the patent being for a type of money chest or safe. The complaint alleged that defendant was infringing the patent and prayed an injunction and accounting.

The defendant answered on January 7, 1935, contesting the validity of the patent and alleging lack of novelty, prior public, use and noninfringement. No counterclaim was filed with or at the time of filing the answer as required by Equity Rule 30 (28 U.S.C.A. following section 723).

Ten months later, on November 9, 1935, defendant moved the court to allow it to file an amended answer and a counterclaim. The motion for leave to amend set up no reasons explaining the delay. The amended answer, filed with the motion, set out more particularly the defenses set up in the original answer. The counterclaim filed with the motion alleged that defendant was the exclusive licensee under letters patent 1,887,866, granted to Belknap; that plaintiff, by vending safes under its asserted Miller patent, was infringing the Belknap patent; that Belknap, the owner of the Belknap patent, was president of the defendant, and was willing to join the defendant in its counterclaim.

The counterclaim prayed that Belknap be brought in as a party defendant to the counterclaim, for a decree alleging the validity of the Belknap patent, and for an injunction restraining the plaintiff from infringing the same, an accounting, etc.

342

The court then entered its order granting leave to file the amended answer, but denying leave to assert a counterclaim and to bring in Samuel L. Belknap as a party.

An order denying leave to file a counterclaim praying an injunction is an interlocutory order tantamount to one refusing an injunction, so is appealable under section 129 of the Judicial Code (28 U.S.C.A. § 227). General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 433, 53 S.Ct. 202, 77 L.Ed. 408.

Equity Rule 30 (28 U.S.C.A. following section 723) provides: "The answer must state * * * any counterclaim arising out of the transaction which is the subject-matter of the suit, *and may,* without cross-bill, set up any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him."

The counterclaim sought to be filed here is of the permissive type. Hence, denial of leave to file it does not foreclose an independent suit against the plaintiff.

As to amended pleadings, Equity Rule 19 (28 U.S.C.A. following section 723) provides: "The court may at any time, in furtherance of justice, upon such terms as may be just, permit any process, proceeding, pleading or record to be amended, or material supplemental matter to be set forth in an amended or supplemental pleading. The court, at every stage of the proceeding, must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

Assuming it was a proper counterclaim, under rule 19 the court could have permitted its filing. The matter is within the court's discretion, subject to review in case of abuse. Johnston v. Ouachita Natl. Bank, (C.C.A.8) 40 F.(2d) 604, 605; America Land Co. v. City of Keene, (C.C.A.1) 41 F.(2d) 484, 486.

It does not appear that the court abused its discretion in the instant case. The many months' delay after filing the answer is not attempted to be excused. On such a record we consider an appeal from an order admittedly discretionary as an unwarranted invasion on the time and energy of appellee and this court.

Affirmed.