**DANT & RUSSELL, Inc., v. J. D. HAL-STEAD LUMBER CO.**

**J. D. HALSTEAD LUMBER CO. v. HAYS et al.**

**No. 8885.**

Circuit Court of Appeals, Ninth Circuit.

April 3, 1939.

Rehearing Denied May 1, 1939.

Zach Lamar Cobb and Earl A. Littlejohns, both of Los Angeles, Cal., for appellant.

Gene S. Cunningham and Charles A. Carson, both of Phoenix, Ariz., for appellee receiver.

Hubert F. Laugharn, Jack L. Powell, and Joseph Horton, all of Los Angeles, Cal., for appellee creditors' committee.

Before WILBUR, DENMAN, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order of the District Court for the Southern District of California by the J. D. Halstead Lumber Company, the defendant in a receivership suit, ordering the payment by the receiver of a dividend to the Halstead Company's creditors.

The proceeding in which the order for the payment of the dividend was made, began on December 14, 1937, in the filing of a petition by the receiver setting forth the then condition of the estate and recommending the payment to the creditors of a sum equal to 5 percent of their claims. The petition further stated that, in the opinion of the receiver, a further distribution of assets in the form of additional cash dividend "can be made within a period of approximately four months from the date [of the petition]". The prayer asked leave and direction from the court to pay to the creditors of the Halstead Company "such an amount upon said claims as a partial distribution of the assets of this receivership in the form of cash dividend, and for such other and further order as to this Honorable Court may seem just and proper in the premises.".

The Halstead Company's answer to the petition denied "that a sum equal to five percent, or any other amount whatsoever, of said claims of creditors at the time of the establishment of said receivership, can now be safely paid, or that such, or any, payment ought to be made, and "denies that any proceeds whatsoever should now be distributed to said creditors, and denies that a further, or any distribution of assets in the form of an additional cash dividend can, or should be, made within a period of approximately four months from the date of said petition, or at any other time", and alleged certain affirmative defenses which will later be considered, and prayed that the petition of the receiver be denied and "for such other action as the court deems proper".

The hearing on the petition began on January 10, 1938, when certain evidence was offered in support of and against the distribution of the dividend. It was continued from time to time until May 2, 1938, over four months after filing the petition.

In the interim a Creditors' Committee, recognized by the court, and representing upwards of 82 per cent of the obligations of the Halstead Company, presented its report to the Court on April 27, 1938. The Committee reported that in its opinion a dividend of 20 percent then might safely and properly be ordered, and recommended that a decree be entered ordering a distribution to the creditors as a liquidating dividend "such proportion of the cash on hand as the receiver and the court may determine as being properly available for that purpose". The Halstead Company answered the report and denied that any distribution in excess of 5 percent could be made by the court under the allegations and prayer contained in the petition of the receiver.

When the hearing was resumed on May 2, 1938, there appeared, through their respective counsel, the receiver, the Creditors' Committee, the creditors and the Halstead Company. With all the parties in court, the receiver testified to the effect that in the 4½ months since the filing of his petition the condition of the estate so had changed that he was in a position to pay a dividend of 15 percent of the creditors' claims and recommended that such a dividend be ordered. With the Halstead Company and all these parties participating, the court proceeded to the consideration of the receiver's recommendation.

The evidence there adduced not only warrants the conclusion of the district court that the 15 percent dividend should be distributed, but this court, hearing the case de novo, reaches the same conclusion without considering the strong presumption sustaining the findings below in an equity cause when the witnesses are heard by the judge making the findings.

While at the hearing below it did not appear whether the cash from which the dividend would be paid was in California or in Arizona, on the hearing de novo here it was admitted that at that time there was sufficient cash in California for the distribution.

The parties have since stated that a corresponding order for a 15 percent dividend has been made in an ancillary Arizona receivership, and a copy has been filed here. Since the creditors' claims are the same in the two receiverships, and at the time of the hearing de novo here the cash in the California receivership was shown sufficient to pay the dividend, that order adds no weight to our decision.

The Halstead Company contends that the power of the court to order a dividend is limited to the amount, 5 percent, which the receiver's petition stated was available for distribution on December 14, 1937. That petition alleges that the prospective condition of the receiver's operation within the ensuing four months will warrant further payments to the creditors and prayed for general relief. Without objection the

hearings under the petition continued for over four months. The Creditors' Committee proposed a 20 percent dividend several days before the May hearing on which issue was joined by the Halstead Company. With all the parties to this appeal before the court below, it entertained a proposal then made by the receiver for the 15 percent dividend. The Halstead Company did not complain of want of time to prepare to meet the facts then presented and did not ask for a continuance on that ground. The consideration of and decision on the receiver's proposal was within the court's power.

The Halstead Company contended that a certain larger creditor brought improper pressure to bear on the receiver to cause him to propose the 15 percent dividend. The receiver testified that no such pressure was put on him and that the proposal for the dividend was the result of his own judgment. On our own consideration of the record we find that he was not improperly influenced in his recommendation.

The Halstead Company further contends that the payment of the 15 percent dividend would so drain the working capital that the receiver could not continue the business of the Company. There was sufficient evidence for the court to find that the dividend could be paid without injury to the creditors or the business.

Finally, the Halstead Company contends that the district court should have halted the consideration of the dividend proposals because three of the creditors had initiated in the same court a proceeding against the Halstead Company under section 77B of the Bankruptcy Act, 11 U. S.C.A. § 207. The pleadings in the 77B proceeding were not introduced in evidence but the Halstead Company stated to the court below that they showed the district court had no jurisdiction to entertain the 77B proceeding. Obviously, if there was no jurisdiction obtained by the court in the 77B proceeding it could not affect the dividend determination of the receivership.

The court ordered the payment of the dividend from the bench on May 2, 1938, and thereafter, on the same day, dismissed the 77B proceeding without prejudice on the motion of the petitioners. Thereafter, on May 20, 1938, the formal written order for the dividend was signed by the judge and entered. It was from that entered order this appeal was taken. The Halstead Company is estopped to urge that the 77B proceeding of which it claimed the court lacked jurisdiction to entertain has any pendency which could affect the receivership. Also, even if the order from the bench on May 2 were void because of the pendency of the 77B proceeding, it was dismissed before May 20, when the court made and entered the order appealed from.

Though no formal motion to dismiss the appeal has been made, it has been suggested that the order for distributing the Company's cash in a dividend is not final and hence not appealable. Its finality consists in the court's loss of jurisdiction of so much of the receivership res as has its title passed to other persons. That is its final disposition and the order requiring it is a final order. Krietmeyer v. Hemphill, 5 Cir., 19 F.2d 513, 515; Gelberg v. Richardson, 9 Cir., 82 F.2d 314, 315; Ruggles v. Patton, 6 Cir., 143 F. 312, 314; Pennsylvania Co. for Ins. on Lives and Granting Annuities v. Philadelphia Co., 3 Cir., 266 F. 1, 4.

The order is affirmed.