## HANCOCK OIL CO v. UNIVERSAL OIL PRODUCTS CO.

### No. 9530.

Circuit Court of Appeals, Ninth Circuit.

Oct. 28, 1940.

MATHEWS, Circuit Judge, dissenting.

————◆————

F. A. Knight, of Long Beach, Cal., for appellant.

Lyon & Lyon and Leonard S. Lyon, all of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This is a suit for alleged infringement of three mineral oil processing patents brought by appellee, Universal Oil Products Company, hereafter called Universal, against appellant, Hancock Oil Company, hereafter called Hancock, in the District Court of the United States for the Southern District of California. Universal filed its bill of complaint on March 12, 1935, and a supplemental bill on March 31, 1936. Hancock answered both bills on July 30, 1936. Thereafter, on December 9, 1936, Hancock filed a counterclaim. On April 10, 1939, Hancock moved the court for leave to file a proposed amended and supplemental answer and a proposed amendment to its counterclaim. Both motions were denied. From the order denying them, this appeal is prosecuted.

Universal has moved to dismiss the appeal on the ground that the order is not appealable and hence that this court is without jurisdiction.

Though a separate document, Hancock's first counterclaim of December 9, 1936, was a part of its answer under Equity Rule 30, 28 U.S.C.A. following section 723, then controlling. Likewise under Rule 13 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, Hancock's proposed amended and supplemental answer and the proposed amendment to its counterclaim, both filed April 20, 1939, are proposed amendments to its answer. That the pleader so regarded them is shown by the embodying in its proposed amended counterclaim, by reference to its proposed amended answer, allegations in the answer supporting the counterclaim.

The delay in seeking the amendments, as appears from the affidavits on behalf of Hancock, was due to the lack of knowledge, until some thirty days before filing the motions for their allowance, of certain alleged transactions of Universal and its predecessor in interest in the patents, whereby Universal and other companies owning oil processing patents had unlawfully conspired and combined to create a monopoly in violation of the Clayton Act. The affidavits present a case within Rule 13(f), which provides: "(f) Omitted Counterclaim. When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when

justice requires, he may by leave of court set up the counterclaim by amendment."

The proposed amendments allege that the transactions of Universal in the conspiracy have injured Hancock and are injuring it in its business and property for which Hancock may sue and recover threefold damages. 15 U.S.C.A. § 15.[1]

These monopoly transactions arose in the transactions described in the complaint in the exercise of ownership and introduction to public use of .the patents claimed by Universal. The transactions or occurrences that are the subject matter of the complaint need not describe the new and separate cause of action in violation of the Clayton Act in order to secure relief by way of counterclaim. Their true character may be disclosed by a counterclaim supplementing the facts, showing the entire transaction of the plaintiff to constitute such a violation. Moore v. New York Cotton Exchange, 270 U.S. 593, 609, 610, 46 S.Ct. 367, 70 L.Ed. 750, 45 A.L.R. 1370.

Rule 13(a) of the federal Rules of Civil Procedure provides:

"Rule 13. Counterclaim And Cross-Claim

"(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim, not the subject of a pending action, which at the time of the filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

Since the counterclaim arises out of the "transaction or occurrence that is the subject matter of the opposing party's claim", i.e. the ownership and introduction to the public of the plaintiff's patents, and since the counterclaim's allegations would warrant the relief against the plaintiff without the presence of the other parties to the conspiracy,[2] the counterclaim is "compulsory" in character and "shall" be stated

in the answer or the right to recover thereon is lost.

The Supreme Court has held that an order dismissing, after hearing, a counterclaim demanding injunctive relief is an appealable order, though there be no formal application for an interlocutory injunction. In General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 433, 53 S.Ct. 202, 203, 77· L.Ed. 408, the court held: " * * * by their motion to dismiss, plaintiffs themselves brought on for hearing the very question that, among others, would have been presented to the court *upon formal application for an interlocutory injunction.* That is, whether the allegations of the answer are sufficient to constitute a cause of action for injunction. And the court necessarily decided that upon the facts alleged in the counterclaim defendants were not entitled to an injunction. It cannot be said, indeed plaintiffs do not claim, that the dismissal did not deny to defendants the protection of the injunction prayed in their answer. The ruling of the Circuit Court of Appeals that an injunction has been denied by ,an interlocutory order which is reviewable under section 129 is sustained by reason and supported by the weight of judicial opinion. Emery v. Central Trust & S. D. Co. [6 Cir.], 204 F. 965, 968; Ward Baking Co. v. Weber Bros. [3 Cir.], 230 F. 142. Historical Pub. Co. v. Jones Bros. Pub. Co. [3 Cir.], 231 F. 638, 643. Naivette v. Philad Co. [6 Cir.], 54 F.2d 623. Cf. Banco Mercantil [Americano] v. Taggart Coal Co. [5 Cir.], 276 F. 388, 390. Plaintiffs' motion to dismiss the appeal was rightly denied." (Emphasis supplied)

We are unable to see any difference so far as concerns the right to appeal under Section 129 of the Judicial Code, 28 U.S.C.A. § 227, between denying upon hearing the motion to file a counterclaim so seeking injunctive relief, and the granting of a motion upon a hearing to dismiss such a counterclaim. In neither case does the court hear and determine a formal motion for an injunction. All that is deter-

---

[1] "§ 15. Suits by persons injured; amount of recovery. Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controver-

sy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee. (Oct. 15, 1914, c. 323, § 4, 38 Stat. 731.)"

[2] Chattanooga Foundry & Pipe Works v. Atlanta, 203 U.S. 390, 396, 27 S.Ct. 65, 51 L.Ed. 241.

mined upon the hearing in either case is whether the counterclaim may remain in or enter into the proceeding in equity. What was said by the Supreme Court in determining the right to appeal from an order to dismiss a counterclaim for injunctive relief applies as well to the order here refusing the amendment. That one or another of the parties brought on for hearing the question of the right to injunctive relief is immaterial since in either case the question is "whether the allegations of the answer are sufficient to constitute a cause of action for injunction." An order refusing an intervention to present or resist a claim against a fund in a continuing receivership is as much appealable as an order dismissing the claim. Credits Commutation Co. v. United States, 177 U.S. 311, 315, 20 S.Ct. 636, 44 L.Ed. 782 (intervention); Dant & Russell v. Halsted Lbr. Co., 9 Cir., 103 F.2d 306, 308, (dismissal).

■ We see no reason to overrule our holding in In-A-Floor Safe Co. v. Diebold Safe & Lock Co., 9 Cir., 91 F.2d 341, 342, that "An order denying leave to file a counterclaim praying an injunction is an interlocutory order tantamount to one refusing an injunction, so is appealable under section 129 of the Judicial Code (28 U.S.C.A. § 227)."

The motion to dismiss the appeal so far as concerns the denial of the filing of the counterclaim for injunctive relief is denied. Questions of appealability concerning the proposed amended answer's allegations, defensive in character to the allegations of the complaint and supplemental complaint, are reserved until the argument on the merits of the appeal.

Motion to dismiss denied in part, with reservation of certain questions until hearing on merits.

MATHEWS, Circuit Judge (dissenting).

Obviously, the order appealed from was not a final decision and hence was not appealable under § 128(a) of the Judicial Code, 28 U.S.C.A. § 225(a). Stillwagon v. Baltimore & Ohio Ry. Co., 3 Cir., 159 F. 97; J. W. Darling Lumber Co. v. Porter, 5 Cir., 256 F. 455; Kulesza v. Blair, 7 Cir., 41 F.2d 439; Pioneer Grain Corp. v. Chicago, Milwaukee & St. Paul Ry. Co., 8 Cir., 42 F.2d 1009; Goodyear Tire & Rubber Co. v. Overman Cushion Tire Co., 6 Cir., 66 F.2d 81; Werner v. Zintmaster, 3 Cir., 77 F.2d 74.

Appellant concedes that the order was not appealable under § 128(a), but contends that it was appealable under §§ 128(b) and 129 of the Judicial Code, 28 U.S.C.A. §§ 225(b), 227. Section 128(b) provides that the circuit courts of appeals shall have appellate jurisdiction to review the interlocutory orders or decrees of the district courts which are specified in § 129. Section 129 provides: "Where, upon a hearing in a district court * * * an injunction is * * * refused * * * by an interlocutory order or decree * * * an appeal may be taken from such interlocutory order or decree to the circuit court of appeals * * *."

The order here appealed from did not refuse an injunction. It merely refused leave to file a proposed amended and supplemental answer and a proposed amendment to a counterclaim. The proposed amended and supplemental answer did not pray for an injunction. The proposed amendment to the counterclaim, if it had been allowed, would have incorporated in the counterclaim a prayer for an injunction; but the proposed amendment was not allowed. Hence, no application for an injunction was ever made or presented. Much less was there a hearing upon such an application.

Appellant cites In-A-Floor Safe Co. v. Diebold Safe & Lock Co., 9 Cir., 91 F.2d 341, 342, wherein this court held that "An order denying leave to file a counterclaim praying an injunction is an interlocutory order tantamount to one refusing an injunction, so is appealable under section 129 of the Judicial Code," citing General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 433, 53 S.Ct. 202, 77 L.Ed. 408. Actually, the General Electric case lends no support to this court's holding in the In-A-Floor case. For the order which the Supreme Court held appealable in the General Electric case was an order dismissing a previously filed counterclaim comprising, inter alia, an application for an injunction—an application which had been made, heard, considered and denied. The order which this court held appealable in the In-A-Floor case was an order refusing leave to file a *proposed* counterclaim comprising, inter alia, a *proposed* application for an injunction—an application which was never made, heard, considered or acted upon.

The In-A-Floor decision is erroneous and should be overruled. Even if correct,

it is not controlling here. For the In-A-Floor case and this case are distinguishable in that, in the In-A-Floor case, the order appealed from was an order refusing leave to file a counterclaim, whereas the order here appealed from was an order refusing leave to amend a counterclaim already filed.

The appeal should be dismissed.