**DANT & RUSSELL, Inc., v. J. D. HALSTEAD LUMBER CO.**

**J. D. HALSTEAD LUMBER CO. v. HAYS et al.**

**No. 8897.**

Circuit Court of Appeals, Ninth Circuit.
April 3, 1939.

Zach Lamar Cobb and Earl A. Littlejohns, both of Los Angeles, Cal., for appellant.

Gene S. Cunningham and Charles A. Carson, both of Phoenix, Ariz., for appellee receiver.

Hubert F. Laugharn, Jack L. Powell, and Joseph Horton, all of Los Angeles, Cal., for appellee creditor's committee.

Before WILBUR, DENMAN, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal by the J. D. Halstead Lumber Company, an Arizona corporation, hereinafter called the Halstead Company, from a final order to liquidate and to wind up a receivership of all the property and business of that corporation, to convert all its assets into cash and distribute it to the Halstead Company's creditors. The Bill of Complaint for Receiver, brought by a creditor and consented to by answer filed the same day by the Halstead Company, prayed that the court, through its receiver, should continue the company's business of buying and selling lumber through its yards in Arizona and California and attempt to discharge its debts from its profits as a going concern and, in the alternative, that its assets should be sold as a whole or in parcels for the satisfaction of its debts. The order appealed from finally decided that the latter remedy should be granted and the former alternative, which had been pursued for 6½ years, should be discontinued and that relief denied.

The bill was filed on December 11, 1931, in the United States District Court for the Southern District of California, Central Division, a receiver thereupon appointed and ordered to continue the operation of the business. An ancillary bill was filed in the United States District Court for Arizona, and a receiver there appointed with similar powers as to the properties and business in Arizona. It is admitted by the parties that the creditors' claims are the same in each court. At first there were different persons receivers in the two courts, but Albert A. Hays became the receiver in both jurisdictions on February 28, 1933, and had conducted the defendant's business thereafter.

The total amount of the indebtedness to the creditors at the initiation of the receivership was $654,203.34, 5 percent of which has been paid, leaving a principal balance due of $621,493.17.

The order appealed from was made at a hearing of a report of a Creditors' Committee composed of five large creditors having upwards of 82 percent of the indebtedness. The report was not unanimously·supported by the members of the Committee, for it states that the action it recommends "is approved and directed by the *majority* of the Creditors' Committee in number and amount of obligations." (Italics supplied). It may well have been that but $357,000, 57 percent in the amount of the creditors, desired the court to make the order to discontinue the operation of the business. Of these, $353,427 constituted the claim of the Hammond Lumber Company, alleged in the Halstead Company's answer (and hence deemed denied) to be seeking to destroy its business for its own benefit.

The report of the Creditors' Committee showed the 6½ years of continuance of the business operations by the receiver; the payment of but 5 percent of the original creditors' claims; a net worth in excess of the claims, and a net operating profit in the preceding year of $129,540.57, exclusive of interest on the creditors' claims, depreciation and federal and state income taxes. An analysis indicates the net return, after the payment of interest, of somewhere in the neighborhood of $75,000. The report states "That no plan of payment or settlement of the claims and obligations of the Creditors has been presented by the Debtor or * * *, which has been approved or is satisfactory to the Creditors' Committee. * * *

"That it is the opinion of the Creditors' Committee that it will be impossible to propose or consummate any plan of refinancing or any other plan which will adequately protect the interest of the creditors other than a plan of liquidation of the assets of the Debtor."

The Halstead Company answered the report admitting the financial status as stated by the committee, but alleging an improved general business condition over that of the earlier depression days of the receivership, and urging the continuance of the receiver's operation of the company's business as a going concern as the most advantageous to the creditors and the defendant company. It moved the court for an opportunity to serve its answer on the creditors, to advise them of its position regarding the method of discharging its obligations to them. The motion was denied at the hearing.

The final turning from a receivership to continue the business of the defendant company for the purpose of discharging its debts through business gains, to one for liquidation of the debts by the sale of all defendant company's properties, is of vital concern to all its creditors. Some may have desired to show that such a liquidation would yield all the creditors less than the continuance of the operations. It was a matter warranting full consideration of the views of all the interested parties.

The court, on June 10, 1938, only 10 days before June 20, 1938, the date set for the hearing, ordered a notice to be served on them by the receiver· by mail at least 5 days before the hearing. The receiver, in fact, mailed the notices not in the southern district of California, but in Phoenix, Arizona, on June 14, 1938, only 6 days before the hearing. Unlike the hearing in J. D. Halstead Lumber Company v. Hays, Receiver, 9 Cir., 103 F.2d 306, this day decided, at which a 15 percent dividend was ordered, it is admitted here by the Creditors' Committee which moved for the order that but one of the 280 creditors, and that one a member of the divided Creditors' Committee, appeared at the hearing. Obviously, the notice was inadequate.

There is a rule of the district court below which reads:

"District Court Equity Rule 149.—Notice of and hearing of petitions by the receiver for orders, and for allowance of fees.

"In addition to the notices required by Rules Nos. 147 and 148, the receiver shall give to all parties to the action, and all known creditors of the defendant, at least ten (10) days' notice by mail of the time and place of the hearing of:

"(a) All petitions for the payment of dividends to creditors.

"(b) All petitions for confirmation of sales of real property and personal property, unless for good cause otherwise ordered by the court.

"(c) All reports and accounts of the receiver.

"(d) All applications for fees by the receiver, or by any attorney or solicitor. The notice shall show in what amount, and covering what period, fees will be asked for.

"(e) All applications for the discharge of receivers.

"(f) All other matters which may be ordered by the court."

 While the rule is headed with reference to petitions of the receiver, its body shows that it applies to other matters such as the allowance of attorneys' fees. We construe the rule with reference to provision (f) to require the receiver to give to "all known creditors of the defendant *at least* ten (10) days' notice by mail of the time and place of the hearing of: * * * All other matters [affecting creditors] which may be ordered by the court." We regard the rule which was approved by a majority of the circuit judges of this court prior to its adoption, as a salutary provision for receivership proceedings.

The Halstead Company's answer to the report of the Creditors' Committee raised the question of the sufficiency of the notice to creditors in the following allegations:

"II. That the printed notice to creditors, of the order to show cause herein, appears to have been dated June 13, 1938, only seven days prior to the date set for hearing, and that the said notice was mailed out on June 14, 1938, and could not have reached the creditors within a reasonable time prior to said date of hearing; and that it would be against said public policy, and in violation of equity, to force a hearing upon said petition without a more adequate notice to the creditors.

"III. That the said report, recommendations, and petition of the Creditors' Committee, having been mailed to the creditors, by order of the court, it would be against said public policy, and in violation of equity, for the Court to proceed with the hearing thereon unless the Court first authorizes and directs the receiver to print this answer, and mail it to the creditors of defendant, for their information, and unless the Court postpones the hearing for a sufficient time for all of the creditors of defendant to be so informed of the issues in the case."

A motion was made at the hearing: "That the hearing on the report and petition of the Creditors' Committee be postponed from June 20, 1938, to a later date, so as to give all of the creditors sufficient time to be so informed upon the . issues pending before the court prior to said hearing."

The single creditor appearing was the receiver of the United States National Bank of Los Angeles having a claim for $72,000. He joined in the motion for the continuance of the hearing, and stated he desired to consult with the Acting Comptroller of the Currency in charge of his bank receivership. The agreed statement of facts shows "That thereupon the Court, refusing to consider, or rule [on] said motions of defendant, and request of the Acting Comptroller of the Currency, and without hearing any evidence upon the issues, or giving the defendant any opportunity to present any evidence upon the issues, made its order directing the Receiver to proceed with the sale and liquidation of the assets of the defendant corporation, * * *".

 It is our opinion that the creditors' interest in the abandonment of the liquidation by operations for a winding up of the receivership and sale of all the Halstead Company's assets entitled them to adequate notice of the proceeding, and that they should have opportunity, on notice adequate with reference to the residences of the creditors, to meet the issues tendered by the report of the Creditors' Committee in support of its motion, by pleading thereto and by introduction of evidence on any controverted matter. The Halstead Company should have had its opportunity to serve on the creditors its answer to the report of the Creditors' Committee and present to those appearing at the hearing its reasons and facts for opposing such a radical change in the receivership operations as was proposed.

The order appealed from is reversed.